UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUWAN DEERING,

        Petitioner,                  Case Number: 2:11-CV-10320

v.                                    HONORABLE GERALD E. ROSEN

MITCH PERRY,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO PROCEED UNDER FEDERAL STATUTE 28 U.S.C. § 2241

Petitioner Juwan Deering has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court is Petitioner's Motion to Proceed Under Federal Statute 28 U.S.C. § 2241.

Petitioner is a state prisoner challenging a state court criminal conviction. He properly filed his petition under § 2254, which permits state prisoners to collaterally attack either the imposition or execution of their sentences. Petitioner now asks that his petition be considered under § 2241, rather than § 2254 because he believes that consideration under § 2241 would allow him to evade § 2254's exhaustion requirement. He also seeks consideration under § 2241 because, he argues, the Court would not be required to afford the state court's factual determinations a presumption of correctness as required under § 2254.

Section 2241 authorizes a district court to grant a writ of habeas corpus if a

petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Sixth Circuit has suggested that there is a "serious question whether a state prisoner may proceed under § 2241," *Allen v. White*, 185 Fed. App'x 487, 490 (6th Cir.2006), but, has permitted state prisoners to proceed under § 2241, subject to the restrictions imposed by § 2254.  *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).  Regardless of whether the petition is deemed filed under § 2254 or § 2241, Petitioner must satisfy the exhaustion requirement.  *See Fazzini v. Northeast Ohio Corr. Ctr.,* 473 F.3d 229, 237 (6th Cir. 2006).  Additionally, when a petition challenges a state court conviction, then the standards set forth in § 2254, including the presumption of correctness afforded state court factual findings, apply regardless of how the petitioner characterizes the petition.  *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006) ("When a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case.").  Because § 2254's standards apply to the petition, and would apply whether Petitioner re-labeled the petition as filed under § 2241, it serves no purpose to re-label the petition as one filed under § 2241 based upon Petitioner's mistaken belief that a different standard would then apply.

Accordingly, the Court **DENIES** Petitioner's Motion to Proceed Under Federal Statute 28 U.S.C. § 2241.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

3